Jason Sias (SBN 279196)
Jsias@siaslawinc.com
**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072

Attorney for Plaintiff
**CHAD SAVOK-JIMENEZ**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# EUREKA-MCKINLEYVILLE

CHAD SAVOK-JIMENEZ,

    Plaintiff,

  vs.

COUNTY OF LAKE, a public entity; DEPUTY CODY WHITE, and DOES 1-25, inclusive, Jointly and Severally,

    Defendants.

Case No.: _____

**COMPLAINT FOR DAMAGES**

1. **4th Amendment – Excessive Force (42 U.S.C. § 1983)**
2. **Battery**
3. **Assault**
4. **Negligence**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

1. Plaintiff, CHAD SAVOK-JIMENEZ ("PLAINTIFF"), complains of defendants COUNTY OF LAKE, a public entity ("COUNTY"); DEPUTY CODY WHITE ("Deputy White"); and DOES 1-25 ("DOES"), inclusive jointly and severally (hereinafter collectively as "DEFENDANTS"), in their respective capacities for violations of PLAINTIFF's rights as follows:

///

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

## **INTRODUCTION**

2. This civil rights action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and state law in connection with the unwarranted, unlawful and unprovoked and unwarranted excessive force by COUNTY sheriff Deputy White on or about September 22, 2021, in Kelseyville, California, County of Lake.

3. This deputy, without justification of law, abused his authority and power when he violently grabbed, pulled and yanked PLAINTIFF out of his chair, threw him to the ground, mounted PLAINTIFF, and repeatedly punched him in his face.

4. Deputy White engaged in the use of unwarranted, unnecessary and unreasonable violent force despite PLAINTIFF's was non-resistant, compliance, and defenselessness.

5. As a result of this deputy's use of unlawful, unprovoked, and excessive force, PLAINTIFF suffered from, among other injuries, a fractured left eye.

## **PARTIES**

6. At all relevant times, Plaintiff **CHAD SAVOK-JIMENEZ** was a twenty-nine-year-old Native-Alaskan, United States of America citizen, and a resident of LAKE County, California.

7. At all relevant times, Defendant **COUNTY OF LAKE** (hereinafter as "COUNTY") is and was a duly organized public entity existing under the laws and constitution of the state of California. At all relevant times, COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY and its tactics, methods, practices, customs, and usages. At all relevant times, COUNTY was the employer of defendant deputy CODY WHITE and DOES 1-25 who were, by way of example but without limitation, COUNTY sheriff deputies, supervisorial officers, who were managerial supervisorial and policymaking employees of the COUNTY, and who were medical personnel.

8. At all times relevant to this action, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United Sates and the state of California.

9. Defendant COUNTY is sued in its own right on the basis of its policies, customs, and

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

practices that gave rise to PLAINTIFF's federal rights claims, and on the basis of the *respondeat superior* doctrine *(California Government Code sections 815.2 and 820)* for its liability for the acts or omissions of its employee within the scope of the employee's employment that give rise to PLAINTIFF's state rights claims.

10. At all relevant times to this action, Defendant **DEPUTY CODY WHITE** (hereinafter as "DEPUTY WHITE"), was an employee of the COUNTY while working at the County of Lake Sheriff Department located at 1220 Martin Street, Lakeport, California 95453 (hereinafter as "COLSD"), in conjunction with his employment as a law enforcement officer. He is sued in his individual capacity.

11. On information and belief, at all relevant times, DEPUTY WHITE was a resident of Lake County, California.

12. PLAINTIFF is informed and believes and thereon alleges that at all relevant times to this action, defendants **DOES 1-25** were duly authorized employees/agents of the COUNTY, and at all material times, acted under color of law within the course and scope of their respective duties as employees/agents of the COUNTY, and with the complete authority and ratification of their principal, Defendant COUNTY (hereinafter collectively as "DOES").

13. At all relevant times, each of the DEFENDANTS designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES, inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues said DEFENDANTS by such fictitious names.

14. At all relevant times, defendant **DOES 1-10** were COUNTY sheriff deputies who were duly authorized employees/agents of the COUNTY, and at all material times, acted under color of law within the course and scope of their respective duties as employees/agents of the COUNTY, and with the complete authority and ratification of their principal, Defendant COUNTY, and in conjunction with their employment, during PLAINTIFF'S violent attack by DEPUTY WHITE either contributed to the violent attack, or failed to intervene to stop and/or remedy the observed violations of rights by DEPUTY WHITE (hereinafter collectively as

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

"DOES 1-10").

15. At all relevant times, defendant **DOES 11-20** were COUNTY medical staff personnel, including, but not limited to, nurses, doctors, or other qualified health care professionals who were duly authorized employees/agents of the COUNTY, and at all material times, acted under color of law within the course and scope of their respective duties as employees/agents of the COUNTY, and with the complete authority and ratification of their principal, Defendant COUNTY who, in conjunction with their employment, provided medical services to PLAINTIFF for his injuries PLAINTIFF suffered as mentioned herein (hereinafter collectively as "DOES 11-20").

16. They are all sued in their individual capacity.

17. PLAINTIFF is informed and believes, and thereon alleges that each of the DEFENDANTS was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining DEFENDANTS, and in doing the things herein alleged, was acting within the course and scope of that relationship. PLAINTIFF is further informed and believes, and thereon alleges, that each of the DEFENDANTS herein gave consent, aid, and assistance to each of the remaining DEFENDANTS, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

18. At all material times, each of the DEFENDANTS was jointly engaged in tortious activity, and an integral participant in the conduct described herein against the PLAINTIFF, resulting in the deprivation of PLAINTIFF's constitutional rights and other harm.

19. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the COUNTY.

20. The acts and omissions of all DEFENDANTS as set forth herein were at all material times actions pursuant to the actual customs, policies, practices and procedures and on the implied and actual permission of Defendant COUNTY.

21. Defendant COUNTY is liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

public employees is based on California Government Code §§ 815.2 and 820.

22. All DEFENDANTS who are natural persons, including DOES 1-25, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, medical staff, and representatives for the COUNTY.

23. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## CLAIMS STATUTE REQUIREMENT

24. PLAINTIFF timely filed and served his "Claim for Damages" with the COUNTY pursuant to California Government Code ("Cal. Gov. Code") Section ("§") 910, 910.2, and 910.4 on March 21, 2022. The COUNTY rejected the claim on August 24, 2022. PLAINTIFF timely filed this complaint within six months of the COUNTY's rejection in conformity with Cal. Gov. Code § 945.6. Therefore, the state law claims herein are timely.

## JURISDICTION

25. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and 1367, and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United States Constitution.

26. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT TO EUREKA-MCKINLEYVILLE DIVISION

27. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and United States District Court for the Northern District of California (hereinafter as "CAND") local rule 3-2(f) because the DEFENDANTS reside in, and all incidents, events, and occurrences and/or omission complained of herein giving rise to this action occurred in the city of Kelseyville, Lake County, California.

## FACTS COMMON TO ALL COUNTS

28. PLAINTIFF realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

29. On or about September 22, 2021, PLAINTIFF sat on a chair out of 6240 Soda Bay Drive, Kelseyville, California 95451 while DEPUTY WHITE initiated a conversation to take PLAINTIFF's statement during DEPUTY WHITE's investigation into a matter.

30. PLAINTIFF complied with all DEPUTY WHITE's reasonable commands during the investigation.

31. PLAINTIFF was unarmed and was not an immediate threat to DEPUTY WHITE, any other deputy, himself, or anyone from the public.

32. Suddenly, and without warning, during the questioning, DEPUTY WHITE violently grabbed the PLAINTIFF by his sweatshirt while PLAINTIFF remained seated in the chair, and yanked him out of the char, threw him to the ground, climbed on top of him and repeatedly punched PLAINTIFF in his eyes and on his face.

33. Concurrently, DOES 1-10, despite having the awareness of DEPUTY WHITE's brutal onslaught, and the means to protect PLAINTIFF, failed to take any action to stop, prevent, or otherwise protect PLAINTIFF from DEPUTY WHITE's unreasonable, unlawful, and unjustified vicious attack.

34. At all material times, Defendant's violent assault of PLAINTIFF was done without reasonable justification, probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was unlawful. Alternatively, or concurrently, these Defendants' own excessive and/or unreasonable actions, or failures to act, created the situation in which the DEPUTY WHITE unlawfully used force against PLAINTIFF and caused an escalation of use of force against, and injury to, PLAINTIFF.

35. At all relevant times to the incident, PLAINTIFF was unarmed and did not pose any reasonable threat of violence to the these defendants, or any other person, especially when PLAINTIFF did not make any aggressive movements or give any furtive gestures that would suggest to a reasonable officer that PLAINTIFF was resisting arrest, attempting to attack the deputies, or delaying the deputies in the performance of their duties.

36. Furthermore, PLAINTIFF did not engage in any actions which obstructed, delayed, or resisted the responding deputy defendants' efforts to discharge his duties. PLAINTIFF did not do

anything to justify the force used against him, and the attack was sadistic, excessive, unnecessary, and unlawful.

37. These Defendants' use of force against PLAINTIFF caused severe injuries, was a very high level of force considering PLAINTIFF's nonaggression, peaceful and lawful presence, and later compliance with orders. Furthermore, their use of force was unjustified and objectively unreasonable under the circumstances.

38. At all material times, and alternatively, the actions and omissions of the defendant was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to PLAINTIFF's constitutional rights, done with actual malice, grossly negligent, and objectively unreasonable, especially during the commission of those acts that concluded with deputy defendant falsely arresting, imprisoning, assaulting and battering a defenseless PLAINTIFF.

39. As a direct and proximate result of DEFENDANT and each of them, by and through their actions and omissions of their agents, employees, in the course and scope of their agency and employment, as set forth above, and including, but not limited to, competence and skill in exercising their duties as law enforcement personnel, failed to demonstrate competence in addressing PLAINTIFF's inquiries and needs, failed in providing the appropriate level of safety for PLAINTIFF during the incident, PLAINTIFF sustained injuries and damages, past and future.

40. As a further direct and proximate result of Defendant's actions as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, among others:

a. Immediately following the aforementioned unlawful acts, PLAINTIFF suffered extreme pain and suffering for an extended amount of time.

b. Physical injuries requiring medical treatment, including, but not limited to, ecchymosis (commonly known as "bruises"), deep socket orbital fracture to PLAINTIFF's left eye, periorbital haematoma (commonly known as a "black eye") to both his eyes, swelling in the face, skin discoloration, intense headaches, and blurred vision and other vision problems;

c. Wrongful search and seizures.

d. Violation of constitutional rights;

e. Medical expenses;

f. Pain and suffering and emotional distress, including, but not limited to, trauma, grief, fright, anger, fear, nervousness around law enforcement officers, trepidation, shame and humiliation, depression, paralyzing anxiety, hysteria, confusion, crying and bewilderment, difficulty sleeping, nightmares, and is unable to engage in typical day-to-day activities as a result of his eye vision issues and severe headaches;

g. All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statues, codes, and common law;

h. In any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

<strong><u>FIRST CLAIM FOR RELIEF</u></strong>

<strong>Violation of the Fourth Amendment to the U.S. Constitution – Excessive Force</strong>

<strong>(42 U.S.C. § 1983)</strong>

<strong>(By PLAINTIFF Against Defendant DEPUTY WHITE, and DOES 1-10)</strong>

41. PLAINTIFF realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. By the actions and omission described above, Defendant's violated 42 U.S.C. §1983, depriving PLAINTIFF of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

43. The right to be free from excessive and unreasonable force as secured by the Fourth Amendment (as incorporated by the Fourteenth Amendment).

44. At all times mentioned herein, the COUNTY employed this individual deputy defendant. Said County provided the individual deputy defendant with an official badge and identification cards, which designated and described him as an employee of the COUNTY.

45. At all times mentioned herein, this individual defendant and these DOES, and each of

<strong>SIAS LAW, INC.</strong>
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY.

46. Defendants, separately and in concert, deprived PLAINTIFF of the rights, privileges and immunities secured to PLAINTIFF by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to the right to be free from unreasonable searches and seizures and the right to be free from the use of excessive force.

47. PLAINTIFF is informed, believes, and thereon alleges that on or about September 22, 2021, deputy defendant assaulted and battered PLAINTIFF, as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of PLAINTIFF's constitutional right to be free from unreasonable searches and seizures.

48. Deputy defendant, while working as a sheriff deputy for COLSD and acting within the course and scope of their duties, violently grabbed and yanked PLAINTIFF off his chair; forcibly threw PLAINTIFF to the ground around so that PLAINTIFF was pinned with his back to the ground; jumped on top of the PLAINTIFF; repeatedly close fist punched PLAINTIFF in his face; and used so much force that DEPUTY WHITE fractured PLAINTIFF's deep socket orbital bone in his left eye.

49. Defendant's use of force as mentioned herein was both excessive, unreasonable and unnecessary under the circumstances, including, but not limited to: PLAINTIFF acknowledged a willingness to comply with the deputy defendant's orders, complied with other orders; was not acting in a threatening manner towards any one; was unarmed; the deputy defendant use of force tactics were done without warning and without justification; and PLAINTIFF never attempted to prohibit deputy defendant from performing his duties.

50. Defendant knew that his actions could result in significant bodily harm, in particular, PLAINTIFF's eyes immediately turned black and blue; yet the deputy defendant continued to apply escalating force when it was not necessary or warranted.

51. As a direct and proximate cause of deputy defendant's actions and omissions as set forth above, this named defendants are liable for PLAINTIFF's injuries, either because they were

integral participants in the excessive use of force, or because they failed to intervene to prevent these violations and having the opportunity to intervene.

52. As a further direct and proximate result from the violation of PLAINTIFF's constitutional rights by deputy defendant and these DOES, PLAINTIFF suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 40, and other pecuniary losses not yet ascertained, and is entitled to relief under 42 U.S.C. § 1983.

53. The conduct of the deputy defendant and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to PLAINTIFF's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

54. PLAINTIFF also seeks attorney's fees under this claim.

55. Additionally, as a direct and proximate cause of the aforementioned acts, PLAINTIFF sustained injuries and damages and is entitled to relief as prayed for herein.

## SECOND CLAIM FOR RELIEF

### Battery

**(California Government Code § 815.2(a), 820(a), and California Common Law)**

**(By PLAINTIFF Against COUNTY, DEPUTY WHITE, DOES 1-10 and 21-25)**

56. PLAINTIFF realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57. At all times mentioned herein, the COUNTY employed the individual deputy defendants. Said County provided the individual deputy defendant with an official badge and identification cards, which designated and described him as an employee of the COUNTY.

58. At all times mentioned herein, this individual defendant and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY. The defendant, separately and in concert, deprived PLAINTIFF of the rights, privileges and immunities secured to PLAINTIFF by the State of California.

59. Likewise, the deputy defendant's conduct was neither privileged nor justified under

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

statute or common law. Additionally, this deputy defendant did not give any warnings regarding any use of force prior to employing the aforementioned force despite the means and ability to do so.

60. The actions and omissions of the Defendant, as set forth above, acting individually, battered PLAINTIFF by acts which included, but were not limited to, grabbing and pulling PLAINTIFF by his sweatshirt while sitting in a chair, forcefully removing PLAINTIFF from his chair, forcefully slamming PLAINTIFF to the ground, smashing PLAINTIFF to the ground with DEPUTY WHITE's body weight, repeatedly punching PLAINTIFF and employing unnecessary and excessive severe pain control tactics, all without his consent, constitute a battery.

61. In battering PLAINTIFF as described herein, DEFENDANTS proximately caused severe injuries to PLAINTIFF.

62. At no time, both prior to and during the time in which PLAINTIFF was battered, was PLAINTIFF armed with any kind of weapon and posed no reasonable threat of violence to the defendant, nor any other individual.

63. When the defendant battered PLAINTIFF, PLAINTIFF made no aggressive movements, no furtive gestures, no sudden movement, and no physical movements which would suggest to a reasonable officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

64. PLAINTIFF never consented to the use of force DEPUTY WHITE employed.

65. As a direct and proximate cause of those actions and omissions mentioned herein, and as a substantial factor in causing PLAINTIFF's harm, both as set forth above, these named defendants are liable for PLAINTIFF's injuries, either because they were integral participants in the battery, or because they failed to intervene to prevent the battery although having the means and opportunity to intervene.

66. As a further direct and proximate result from the violation of PLAINTIFF's constitutional rights these defendants, PLAINTIFF suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 40, and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

67. The conduct of the deputy defendant and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to PLAINTIFF's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

68. COUNTY is vicariously liable for the Defendant's wrongful acts pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69. Additionally, as a direct and proximate cause of the aforementioned acts, PLAINTIFF sustained injuries and damages and is entitled to relief as prayed for herein.

### THIRD CLAIM FOR RELIEF

**Assault**

**(California Government Code § 815.2(a), 820(a), and California Common Law)**

**(By PLAINTIFF Against COUNTY, DEPUTY WHITE, DOES 1-10 and 21-25)**

70. PLAINTIFF realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71. At all times mentioned herein, the COUNTY employed the individual deputy defendants. Said County provided the individual deputy defendant with an official badge and identification cards, which designated and described him as an employee of the COUNTY.

72. At all times mentioned herein, this individual defendant and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY. The defendant, separately and in concert, deprived PLAINTIFF of the rights, privileges and immunities secured to PLAINTIFF by the State of California.

73. Likewise, the deputy defendant's conduct was neither privileged nor justified under statute or common law. Additionally, this deputy defendant did not give any warnings regarding any use of force prior to employing the aforementioned force despite the means and ability to do so.

74. The actions and omissions of the Defendant, as set forth above, acting individually, assaulted PLAINTIFF by acts which included, but were not limited to, grabbing and pulling PLAINTIFF by his sweatshirt while sitting in a chair, forcefully removing PLAINTIFF from his chair, forcefully slamming PLAINTIFF to the ground, smashing PLAINTIFF to the ground with DEPUTY WHITE's body weight, repeatedly punching PLAINTIFF and employing unnecessary and excessive severe pain control tactics, all without his consent, constitute a assault.

75. In assaulting PLAINTIFF as described herein, DEFENDANTS proximately caused severe injuries to PLAINTIFF.

76. At no time, both prior to and during the time in which PLAINTIFF was assaulted, was PLAINTIFF armed with any kind of weapon and posed no reasonable threat of violence to the defendant, nor any other individual.

77. When the defendant assaulted PLAINTIFF, PLAINTIFF made no aggressive movements, no furtive gestures, no sudden movement, and no physical movements which would suggest to a reasonable officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

78. PLAINTIFF never consented to the use of force DEPUTY WHITE employed.

79. As a direct and proximate cause of those actions and omissions mentioned herein, and as a substantial factor in causing PLAINTIFF's harm, both as set forth above, these named defendants are liable for PLAINTIFF's injuries, either because they were integral participants in the assault, or because they failed to intervene to prevent the assault although having the means and opportunity to intervene.

80. As a further direct and proximate result from the violation of PLAINTIFF's constitutional rights these defendants, PLAINTIFF suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 40, and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

81. The conduct of the deputy defendant and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to PLAINTIFF's constitutional rights, done with actual malice, grossly negligent, negligent, and

objectively unreasonable, and justifies the awarding of punitive damages.

82. COUNTY is vicariously liable for the Defendant's wrongful acts pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83. Additionally, as a direct and proximate cause of the aforementioned acts, PLAINTIFF sustained injuries and damages and is entitled to relief as prayed for herein.

**FOURTH CLAIM FOR RELIEF**

**Negligence**

**(California Government Code § 815.2(a), 820(a), and California Common Law)**

**(By PLAINTIFF Against all Defendants)**

84. PLAINTIFF realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85. At all times, the DEFENDANTS owed a duty of care to PLAINTIFF and were required to use reasonable diligence to ensure PLAINTIFF was not harmed by DEFENDANTS' execution and enforcement of any right, law, or obligation.

86. These general duties of reasonable care and due care owed to PLAINTIFF by all defendants include, but are not limited to, the following specific obligations:

a. to refrain from tactics and conduct that lead to the otherwise unnecessary and unlawful excessive force on PLAINTIFF;

b. to refrain from tactics and conduct that lead to the otherwise unnecessary and unlawful arrest of PLAINTIFF;

c. to refrain from tactics and conduct that lead to the otherwise unnecessary denial of medical care to PLAINTIFF;

d. to intervene to stop and/or remedy observed violations of rights by other COUNTY employees;

e. to refrain from abusing their authority granted them by law; and

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

f. to refrain from violating PLAINTIFF's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

87. defendant's actions and omissions were negligent and reckless, and included, but were not limited to:

a. the unwarranted grabbing and yanking PLAINTIFF from his chair;

b. the unwarranted slamming Plaintiff to the ground;

c. the unwarranted pinning of Plaintiff to the ground;

d. the unwarranted repeated punching of Plaintiff to the face;

e. negligently employing unnecessary and unjustified excessive force;

f. the failure to properly assess, diagnose, or otherwise determine that PLAINTIFF posed no threat of physical harm to any person when this deputy defendant assaulted and battered him; and

g. the employment of excessive force tactic;

88. DEFENDANTS knew, or should have known that of these duties, and despite that knowledge, they breached the applicable standard of care.

89. As a direct and proximate cause of DEFENDANTS' actions and omissions, as set forth above, and other undiscovered negligent conduct, PLAINTIFF sustained injuries and damages as set forth herein, including, but not limited to, ¶40 and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

90. COUNTY is vicariously liable for the wrongful acts of DEPTY WHITE and DOES 1-25 pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91. Additionally, as a direct and proximate cause of the aforementioned acts, PLAINTIFF sustained injuries and damages and is entitled to relief as prayed for herein.

///

///

///

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

## **PRAYER**

**WHEREFORE**, PLAINTIFF prays judgment DEFENDANTS, and each of them, jointly and severally as follows:

1. For compensatory (or general) in an amount according to proof and which is fair, just and reasonable;

2. For medical and related expenses according to proof at trial;

3. For all other special damages according to proof;

4.

5. For punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable (but not against Defendant COUNTY of Sacramento);

6. For equitable relief;

7. For prejudgment interest and post judgment interest as permitted by law;;

8. For reasonable costs of suit incurred herein;

9. For all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law; and

10. For such other and further relief as presented by the evidence in this case and as this Court may deem just, proper and appropriate.


Dated: February 22, 2023

**SIAS LAW, INC.**

Respectfully Submitted By: _____

JASON O. SIAS
Attorney for PLAINTIFF
CHAD SAVOK-JIMENEZ

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby requests a trial by jury.

Dated: February 22, 2023

**SIAS LAW, INC.**

Respectfully Submitted By: _____

JASON O. SIAS
Attorney for PLAINTIFF
CHAD SAVOK-JIMENEZ

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072